*1250 OPINION.
Phillips:
The first question presented for our decision is whether the amounts voted as additional compensation were such in fact, or were dividends in the guise of salary. Considering the small salaries drawn, the efforts put forth by the individuals concerned, and the success which attended those efforts, and considering also their previous successful experience in this business (except Mackie, who was new, but whose salary was very low)., there can be no doubt that they were underpaid and that the additional payments were justified as compensation. Considering the growing condition of the business and the need for more capital, we are convinced that there was no intention to declare any dividend, and that all the directors had in mind was to secure something like adequate compensation for their services and at the same time adjust the compensation as nearly as could be between them with reference to services performed. Mackie was desirous of having the same compensation as Van De Kamp and Frank. Van De Kamp was not willing to do this, nor was Bruning, who considered that his services were worth more than those of Mackie. The additional compensation on the basis of stock ownership represented a compromise in which Bruning and Mackie each yielded part of his claim for the purpose of reaching some conclusion and restoring harmony in the business.
In such a case as this the facts must be carefully scrutinized to ascertain that the payments are compensation and not dividends, but, once having determined that they are compensation, we have *1251 no doubt that they are to be treated in the' same manner as payments, for services to persons who are not stockholders, officers, and directors. Payments for services rendered by a stockholder are as much necessary expenses of the business as payments for any other services, for there is nothing to prevent such person, even though a majority stockholder, from turning over the management of the business to another and accepting employment elsewhere.
The statute allows a deduction for “ all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered.” Additional compensation or “ bonus ” payments have become, especially since this country entered the World War, a recognized form of salary payment, used for the purpose of retaining the interest of the employee in the business without at the same time incurring any obligation in advance of the payment. Services are performed for salaries which would otherwise be inadequate, the person rendering them expecting to receive such a bonus but the employer being under no obligation to pay it. Such payments also have in them an element looking to future services, the recipient anticipating a further similar payment if the business justifies it.
The additional compensation in the present instance was voted not because the persons concerned were stockholders or directors, but because they performed services as employees of the corporation. It was as essential to the corporation to retain their services as it was to retain those of any important employee, and probably more important. It was necessary that they be paid adequate compensation, arid such is deductible as an ordinary and necessary expense.
It remains to determine in what year the deduction is to be allowed. Was the obligation incurred in the year when the services were rendered or was it incurred when the additional compensation was voted ? Until it was voted there was nothing more than a moral obligation; there was no legal obligation which could be enforced. We must accordingly hold that the $1,000 of additional compensation, voted in 1920 for services rendered in 1919, was an obligation. incurred in 1920 and is deductible in that year and not in 1919.
In June, 1920, additional compensation of $15,000 was voted. This was not withdrawn in that year and, in 1921, but before the books for 1920 were closed, this action was revoked and compensation of $10,500 was voted, the amount claimed by taxpayer on its 1920 return. By reason of the voluntary action of the persons involved, any liability for salary by reason of the June resolution was released and the obligation under the new resolution was not incurred until 1921. We conclude that the additional compensation for 1920r *1252 voted, in 1921, was not a liability incurred in 1920 and is not a deductible expense in that year.